IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH LEE HOWARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Criminal Action No. H-02-373 |
| | § | Civil Action No. H-05-2895 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent | § | |
| | § | |

ORDER

Pending before the Court are Joseph Lee Howard's 28 U.S.C. § 2255 Motion

to Vacate, Set Aside, or Correct Sentence (Civil Document No. 1; Criminal Document

No. 225) and the Government's Motion to Dismiss (Criminal Document No. 228).

Having considered the motions, submissions, and applicable law, the Court determines

that Gutierrez's § 2255 motion should be denied, and the Government's motion to

dismiss should be granted.

BACKGROUND

On July 15, 2002, a federal grand jury indicted Defendant Joseph Lee Howard

("Howard") and three other men, charging them with two drug-related crimes: (1)

conspiracy to possess with intent to distribute 50 grams or more of cocaine base in

violation of 21 U.S.C. §§ 841(a)(1), b(1)(A)(iii) and 846 and (2) aiding and abetting

possession with intent to distribute 50 grams or more of cocaine base in violation of 18

U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii).  On September 24, 2002, a jury

convicted Howard and two of the other co-defendants of both counts.  This Court

sentenced Howard to 324 months in prison followed by a 10-year term of supervised

release and a $200 special assessment.[1]

The United States Court of Appeals for the Fifth Circuit affirmed Howard's

conviction and sentence on December 2, 2003.  Subsequently, on April 19, 2004, the

United States Supreme Court denied Howard's petition for writ of certiorari.  *See*

*Howard v. United States*, 541 U.S. 1002 (2004).  Howard, a *pro se* petitioner, filed the

instant § 2255 motion on August 18, 2005 asking the Court to set aside his judgment

of conviction and sentence because he argues they are unconstitutional.  He claims that:

(1) he was denied effective assistance of counsel by virtue of his attorney's failure to

challenge the lack of a grand jury indictment; (2) the Court unconstitutionally enhanced

his sentence based on facts found by the Court on a preponderance of the evidence

standard rather than beyond a reasonable doubt; (3) he was tried on charges not alleged

in the indictment; and (4) his incriminating statements should have been suppressed.

The Government seeks dismissal of Howard's §2255 motion on the basis that his

---

[1]  Howard's sentence was enhanced because of a prior state court felony
conviction for possession of cocaine.

motion is time-barred because it was filed more than one year after his conviction became final.

## STANDARD OF REVIEW

In order to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 a petitioner must clear a "significantly higher hurdle" than would be required on direct appeal. *United States  v. Frady*, 456 U.S. 152, 166 (1982).   Errors of law that may require reversal on direct appeal do not necessarily provide a basis for relief under § 2255.  *Frady*, 456 U.S. at 165.  Rather, "§ 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## LAW & ANALYSIS

Federal prisoners have one year from the day their conviction becomes final to seek habeas relief.  *See* 28 U.S.C. § 2255 (2000).  Section 2255 does not, however, specify when a judgment is considered final. *United States v. Gamble*, 208 F.3d 536, 536 (5th Cir. 2000).  The general rule in the Fifth Circuit is a federal criminal defendant's judgment is final on the date the Supreme Court denies his or her petition

for writ of certiorari.[2] *United States v. Thomas*, 203 F.3d 350, 354-55 (5th Cir. 2000). Thus, the one-year deadline for seeking habeas relief begins running the date the Supreme Court denies the writ of certiorari. *Id*. The Supreme Court denied Howard's certiorari petition on April 19, 2004. Consequently, absent equitable tolling, Howard's deadline for a § 2255 motion was April 19, 2005. Howard missed this deadline, failing to seek § 2255 relief until August 16, 2005–almost four months too late.[3]

The Court continues with its analysis, however, to determine whether the doctrine of equitable tolling applies to Howard's case. Section 2255's one-year deadline may be equitably tolled in extraordinary situations. *Coleman*, 184 F.3d at 402. Equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). The doctrine, applied on a case-by-case basis, is used only in rare or exceptional circumstances. *Id*. at 807; *see also Fisher v. Johnson*, 174 F.3d 710, 713

---

[2] When a federal criminal defendant does not petition for a writ of certiorari, his or her conviction becomes final–and the one year statute of limitations begins to run–when the deadline for seeking certiorari in the U.S. Supreme Court has expired. *Gamble*, 208 F.3d at 536.

[3] Because Howard is incarcerated and proceeding *pro se*, his motion is considered filed on the date he delivered it to prisoner officials for mailing. *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Further, the Court presumes Howard delivered his motion to prison officials the same day he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

(5th Cir. 1999).  In general, equitable tolling applies when one party is actively misled

by another party or prevented because of some exceptional circumstance from asserting

his or her rights within the one-year time limit.  *See Coleman*, 184 F.3d at 402 (quoting

*Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  Equitable tolling,

however, is not applicable to "garden variety claim of excusable neglect."  *Id.*

Moreover, equitable tolling will not be utilized because of a movant's own ignorance

or mistake regarding filing deadlines.  *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.

2002).

In the instant case, the Court concludes equitable tolling is not applicable to

Howard's § 2255 motion.  Howard neither explained his four-month delay in filing his

motion nor diligently pursued his § 2255 relief.  *Coleman*, 184 F.3d at 403; *see also*

*Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (denying petitioner's request for

equitable tolling because he had not acted diligently when he waited more than four

months after the statute of limitations expired to file his habeas petition); *see generally*

*Sledge v. Dretke*, No. 3:03-CV-1261-M, 2005 WL 1017847, at *3 (N.D. Tex. April

16, 2005) (finding petitioner entitled to equitable tolling because he "acted diligently

to discover that his conviction was final" through numerous attempts to contact both

his attorney and the court). Additionally, a petitioner's *pro se* status, incarceration, or

inadequate prison library are not sufficient reasons to justify equitable tolling.  *See*

*Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Here, Howard "should have attempted to expeditiously file his federal habeas petition upon receiving notice" that the Supreme Court denied certiorari. *See Coleman*, 184 F.3d at 403; *Jon v. Cockrell*, No. 3-02-CV-555-P, 2002 WL 1822940, at *4 (N.D. Tex. Aug. 6, 2002) (finding that petitioner's own eleven-month delay in seeking habeas relief was not a sufficiently rare or extraordinary circumstance to allow equitable tolling); *see generally United States v. Patterson*, 211 F.3d 927, 931-32 (5th Cir. 2000) (equitably tolling the statute of limitations after both the petitioner and district court were mistaken about the effect of an earlier dismissal on petitioner's one-year time limit).  Because Howard did not explain the delay between the denial of certiorari and the filing of his § 2255 motion, the Court cannot determine that his circumstance justifies equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (finding habeas petitioner bore the burden to show he was entitled to equitable tolling). Consequently, his § 2255 motion is time-barred.  Accordingly, the Court hereby

ORDERS that Joseph Lee Howard's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civil Document No. 1; Criminal Document No. 225) is DENIED.  The Court further

ORDERS that the Government's Motion to Dismiss (Criminal Document No. 228) is GRANTED.  Joseph Lee Howard's claims against the United States are hereby

DISMISSED.

SIGNED at Houston, Texas, on this 6th day of December, 2005.

_____

DAVID HITTNER

United States District Judge